UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAVIER JEREMIAS BARRIOS MAZARIEGOS**, an individual,
**CARLOS DAVID GARCIA CORADO**,
an individual,

Plaintiffs,

v.

Hon.
Case No.

**ELITE HOME AND STONE SUPPLY INC.,**
A Domestic Profit Corporation,
**MAHI MAHESH**, an individual,
Defendants.

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through their attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.,

2. During the relevant time period, Defendants failed to pay Plaintiffs the minimum wage for all hours worked.

3. During the relevant time period, Defendants failed to pay Plaintiffs overtime at the rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

4. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

5. Plaintiffs seek a declaration that their rights were violated, an award of unpaid minimum and overtime wages, an award of unpaid commissions, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

9. Employees of Defendant Elite Home and Stone Supply ("EHSS") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiffs were engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant EHSS's annual gross volume of sales made or business done is not less than $500,000.

12. Defendant EHSS employs more than two persons.

13. Defendant Mahi Mahesh employs more than two persons.

14. Defendant EHSS is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

### **PARTIES**

16. Plaintiff Javier Jeremias Barrios Mazariegos is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

17. Plaintiff Carlos David Garcia Corado is an individual who at all times is relevant to this complaint and resided in the County of Kent, State of Michigan.

18. Plaintiffs executed a consent to sue form, attached hereto as *Exhibit A*.

19. Defendant Elite Home and Stone Supply INC. (hereinafter referred to as "EHSS") is a domestic profit corporation whose registered office is located at 3851 Model Court Drive, Grand Rapids, Michigan 49512 *Exhibit B*.

20. Defendant EHSS are providers of home improvement products and services including countertops and cabinetry.

21. Defendant Mahi Mahesh (hereinafter referred to as "Mahi") is an individual and sole owner of the corporate Defendant.

22. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

23. Plaintiff Garcia was employed by Defendants since 2015.

24. Plaintiff Garcia's job duties included sweeping, cleaning, and polishing stones.

25. Plaintiff Garcia would average 50 hours a week, but would not be compensated for all those hours.

26. Plaintiff Garcia's work schedule was Monday through Friday from 8 am to 10 pm and sometimes he would work on Saturdays those same hours.

27. Plaintiff Garcia was compensated at a rate of $11 an hour but did not receive time and half for all hours worked over 40 hours in a workweek.

28. Plaintiff Garcia was to be compensated on Fridays but Defendants would not pay him in a timely manner. Defendants would delay his compensation by a week.

29. When Plaintiff Garcia would receive his check, it was returned as insufficient funds on several occasions.

30. He would complain about his checks bouncing to the Defendants.

31. In fact, the final check Plaintiff Garcia received after his termination was returned as having insufficient funds.

32. Plaintiff Barrios was employed by Defendants since 2008.

33. Plaintiff Barrios was in charge of the business workshop.

34. Plaintiff Barrios would arrive 15 minutes prior to the start of the workday and open the workshop.

35. Plaintiff Barrios would also at times be required to work after the end of the workday at the workshop.

36. Plaintiff Barrios was not compensated for the work performed before and after the workday.

37. Plaintiff Barrio's job duties included cutting, polishing, and installing the granite pieces and training any new employees.

38. Plaintiff Barrios would average a 57 hour work week.

39. During Plaintiff Barrios's employment with Defendant, he would receive a dollar increase each year.

40. Plaintiff Barrios's started with an hourly compensation of eight dollars ($8) and at the end of his employment, his hourly compensation was twenty-one dollars ($21).

41. Plaintiff Barrios was compensated on a weekly basis.

42. Plaintiffs reported to Defendant's general manager, Eric King, in regards to their checks being returned as having insufficient funds.

43. Mr. King became upset and told them to leave and that they were terminated.

44. Plaintiffs were hired by Defendant Mahi and he set his rate of pay and work schedule.

45. Plaintiffs were supervised at all times by Defendant's agent, Eric King.

46. Defendants did not post the required Department of Labor employee rights poster in a conspicuous place as required by law throughout Plaintiffs' employment.

47. In fact, Plaintiffs never saw the Department of Labor poster concerning their rights to overtime pay anywhere on the premises.

48. Defendants did not compensate Plaintiffs for all hours worked as required by the FLSA.

49. Defendants did not compensate Plaintiffs for all hours worked as required by the IWOWA.

50. Defendants did not compensate Plaintiffs at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

51. Defendants did not compensate Plaintiffs at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA & TOLLING

52. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

53. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

54. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiffs was and is impermissible under the FLSA.

55. Defendant Mahi utilized Defendants EHSS to subvert his obligations under state and federal law.

56. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

57. By failing to properly post the Department of Labor Employee Rights information sheet or poster in a conspicuous place where Plaintiffs and other workers could see it during their work day, Defendants deprived Plaintiffs of the knowledge of their rights to an overtime premium for all hours worked over 40 hours in a workweek.

58. Defendants' failure delayed the Plaintiffs seeking to exercise their rights under the FLSA.

59. Plaintiffs are entitled to equitable tolling of the statute of limitations for their entire period of employment.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

60. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

61. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

62. At all relevant times to this action, each of the Plaintiffs was an "employee" of Defendants as the term is defined under the FLSA.

63. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(g).

64. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

65. Defendants failed to compensate Plaintiffs the mandated minimum wage for all hours worked.

66. As a result of the violation, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

67. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

68. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

69. At all relevant times, each of the Plaintiffs were an "employee" of Defendants as the term is defined under the FLSA.

70. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(g).

71. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

72. By failing to compensate Plaintiffs at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

73. Plaintiffs were not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

74. Defendants' violations of the FLSA were knowing and willful.

75. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

76. As a result of Defendants' violation, Plaintiffs are entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT III
### VIOLATION OF IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq., FAILURE TO PAY MINIMUM WAGE

77. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

78. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

79. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

80. At all relevant times, each of the Plaintiffs was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

81. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

82. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

83. As a result of Defendants' violations, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff their unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

F. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: June 20, 2022                            Respectfully Submitted,

                                                /s/  Robert Anthony Alvarez            .
                                                Robert Anthony Alvarez (P66954)
                                                Attorney for Plaintiff
                                                Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through their attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  June 20, 2022                              Respectfully Submitted,

*/s/   Robert Anthony Alvarez                   .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLL